IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LOWELL JAMES AZURE,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 14-66-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On May 27, 2014, Petitioner Lowell Azure filed this action under 28 U.S.C. § 2254. Azure is a state prisoner proceeding pro se.

**I. Merits of the Petition**

Azure asserts that his federal right to due process and the Ex Post Facto Clause are violated by the denial of his application for parole. He states that he has "met all the criteria of treatment requirements for release on parole." Pet. (Doc. 1) at 4 ¶ 13A; Pet. Supp. (Doc. 1-1) at 1-2. These allegations appear to differ to some extent from those Azure recently brought before the Montana Supreme Court. *See, e.g.*, Order at 3, *Azure v. Redmann*, No. OP 13-0857 (Mont. Mar. 25, 2014) (Doc. 1-2 at 13). Regardless, Azure's claims will be addressed on the merits. 28 U.S.C. § 2254(b)(2).

Azure cites *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), *see* Pet. Supp. at

1

2, but the case does not support his position. There has been no retrospective re-characterization of Azure or his offense. He was convicted of sexual intercourse without consent, Pet. at 3 ¶ 3, and designated a Level I Sex Offender at sentencing, Judgment at ¶ 42 (Doc. 1-2 at 84). He was sentenced to serve ten years in prison unless he could obtain earlier release on parole. He first appeared before the Board of Pardons and Parole in 2009. He has appeared every other year since then, *see* Order at 2-3, *Azure v. Redmann*, No. OP 13-0857 (Mont. Mar. 26, 2014), and he may seek an expedited hearing if his circumstances change, Mont. Admin. R. 20.25.402(6); *California Dep't of Corrs. v. Morales*, 514 U.S. 499, 511-13 (1995). The fact that Azure has not obtained early release on parole does not implicate the Ex Post Facto Clause.

As to due process, even assuming a Montana prisoner has a state-created liberty interest in parole,[1] Azure provides no reason to believe he did not have a hearing before the Montana Board of Pardons and Parole, and his own exhibits show he received a written statement of reasons why he was denied parole. Case Disposition Dec. 1, 2009 (Doc. 1-2 at 51); Case Disposition Nov. 25, 2013 (Doc. 1-2 at 68); *see also* Order at 2-3, *Azure*, No. OP 13-0857.[2] Notice and an

---

[1] A Montana prisoner might not have a liberty interest in parole. *Compare Allen v. Board of Pardons v. Allen*, 482 U.S. 369, 373 n.3, 377-78 (1987), *with* Mont. Code Ann. § 46-23-201(1), (5); 1989 Mont. Laws ch. 188, § 2 (substituting "may" for "shall" throughout).

[2] Azure's exhibits include certain pages of the Order. The full text is available on the Montana Supreme Court's website, http://supremecourtdocket.mt.gov (accessed May 28, 2014).

opportunity to be heard, along with a written statement of reasons for a denial, are the only two requirements of due process at a parole hearing. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). That is "the beginning and the end of the federal habeas courts' inquiry." *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862 (2011).

The Board of Pardons and Parole acts well within its authority, and violates neither due process nor the Ex Post Facto Clause, when it imposes a precondition of sex offender treatment on persons seeking parole from convictions for sex offenses. *See* Mont. Code Ann. § 46-23-201(1), (5). Moreover, even if Azure completes sex offender treatment, the Board might still find that he is not a suitable candidate for parole. Federal habeas courts may not second-guess state parole boards' decisions. *Swarthout*, 131 S. Ct. at 863.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Azure makes no showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Azure may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Azure must immediately notify the Court of any change in his mailing</u>

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 4th day of June, 2014.

/s/ Carolyn S. Ostby
United States Magistrate Judge