
FILED

JUN 17 2014

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LOWELL JAMES AZURE,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondent. | CV 14-66-BLG-SPW<br><br>ORDER |

Petitioner Lowell Azure, a state prisoner proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254. In the Petition, Azure challenges the Montana Board of Pardons and Parole's ("Parole Board") denial of his parole. United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations in this matter on June 4, 2014, in which she recommended that Azure's Petition be denied on the merits. (Doc. 3). Specifically, Judge Ostby determined that the Parole Board did not violate the U.S. Constitution by imposing preconditions on sex offenders seeking parole.

Azure filed essentially two objections to the Findings and Recommendations. This Court will review Judge Ostby's conclusions *de novo*. 28 U.S.C. § 636(b)(1)(B).

1

First, on June 4, 2014, Azure filed a document requesting the Court to transfer the case to the Helena Division.[1] (Doc. 4). Azure correctly notes that pursuant to L.R. 3.2(b)(2)(B), the proper venue for this case is the Helena Division as it challenges the denial of parole. However, the incorrect venue is Azure's own fault, as he filed the action before this Court. On the front page of his Petition, Azure handwrote "Billings" where the prisoner writes in the correct venue. (Doc. 1 at 1). On the form's paragraph 6, it clearly states that any challenge to a decision by the Parole Board should be filed in the Helena Division. (*Id.* at 2). Since Azure chose this forum, he cannot now ask the case to be transferred to another venue. In any event, even if this Court is technically the incorrect venue, this Court clearly has jurisdiction over the case. Therefore, Azure does not suffer any prejudice by this Court's retention of this matter.

Second, Azure formally objected to Judge Ostby's Findings and Recommendations. (Doc. 5). In his objection, Azure states that he is eligible for parole and therefore he should be released. Azure misses the point. There is no federal right to parole. *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862 (2011). Federal courts can only review whether a state parole board afforded the

---

[1] While it follows Judge Ostby's Findings and Recommendations on the docket, Azure wrote this document on May 30, 2014. It did not arrive to the Clerk of Court until June 4, after the entry of the Findings and Recommendations.

prisoner an opportunity to be heard and a written statement of reasons why parole was denied. *Id.*

Here, Azure had numerous opportunities to be heard by the Parole Board, and each time it provided reasons why parole was denied. (Doc. 3 at 2-3). That ends this Court's inquiry. This Court is without authority to order Azure's release on parole.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL.

2. Azure's Petition (Doc. 1) is DENIED.

3. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 17th day of June, 2014.

SUSAN P. WATTERS
United States District Judge